Anthony F. McDONALD, Plaintiff, Appellant,

v.

Frank A. HALL et al., Defendants, Appellees.

No. 79–1239.

United States Court of Appeals, First Circuit.

Submitted Sept. 14, 1979.

Decided Nov. 29, 1979.

---

Anthony F. McDonald, pro se.

Lee Carl Bromberg, Sp. Asst. Atty. Gen., Dept. of Correction, Boston, Mass., on brief, for defendants, appellees.

Before COFFIN, Chief Judge, CAMP-BELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

Prisoner McDonald appeals from the dismissal of his § 1983 complaint for failure to state a cause of action. We reverse and remand for further proceedings.

Appellant's pro se complaint, which we construe liberally as we must, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), relates a series of events surrounding the transfer of appellant and ten other inmates from MCI–Walpole to Norfolk. Appellant states that he resisted the transfer on the grounds that it was motivated by a desire to punish him for his efforts in filing legal actions against prison officials, as well as his attempts to render legal assistance to other inmates. He further alleges that the transfer was made without a hearing, that a disciplinary action against him for his resistance was tainted by the refusal to provide him with either counsel or a tape recording of the proceedings, and that he had been denied access to the prison law library.

On this appeal, McDonald correctly concedes that he had no right to counsel at his disciplinary hearing, *McDonald v. Hall*, 595 F.2d 1206 (1st Cir. 1979). Furthermore, he does not now press his claim that he had

a constitutional right to have tape recordings of his hearing. Instead, he argues on appeal that the gravamen of his complaint is that his transfer was ordered in retaliation for the exercise of constitutionally protected rights and as such was itself unconstitutional. He also argues that the complaint sets forth a claim that he has been denied access to the prison library.

We are faced therefore with two main questions. First, does this pro se complaint sufficiently set forth the claims that appellant argues it does? Second, if these claims are sufficiently set forth, do they state a cause of action? In order to decide these questions, we address separately each of the claims appellant asserts are set forth in the complaint.

*Retaliation Claim*

■ With regard to the retaliation claim, the complaint contains three pertinent allegations. Appellant alleges that he filed actions against prison officials and assisted other inmates in doing so, that he along with 10 other prisoners were subsequently transferred, and that the decision to transfer him was made in retaliation for his litigation activities.

These allegations without more may arguably appear conclusory, alleging barely more than the ultimate fact of retaliation. However, such an ultimate fact concerns the defendants' states of mind. While it may be possible in some cases to support such an ultimate fact with clear evidence which can be averred in the complaint, *see Buise v. Hudkins*, 584 F.2d 223 (7th Cir. 1978) (direct written evidence of intent), we cannot presume that this will often be the case, *see Garland v. Polley*, 594 F.2d 1220 (8th Cir. 1979). Moreover, appellant in his complaint did aver a chronology of events which may be read as providing some support for an inference of retaliation. Thus, to say that this complaint is insufficient would require us to invoke a standard more stringent than called for in a pro se action. *Estelle v. Gamble, supra.*

■ A prisoner does not have a right to a hearing before being transferred; indeed he can be transferred for no reason at all,

*Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). However, he may nevertheless establish a claim under § 1983 if the decision to transfer him was made by reason of his exercise of constitutionally protected First Amendment freedoms, *Garland v. Polley, supra; Buise v. Hudkins, supra; Haymes v. Montanye*, 547 F.2d 188 (2d Cir. 1976); *Laaman v. Perrin*, 435 F.Supp. 319 (D.N.H.1977); *cf. Mount Healthy City Board of Ed. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (teacher without entitlement to reinstatement may nevertheless establish a claim if decision not to rehire was made in retaliation for his exercise of First Amendment rights).

■ While the discretion afforded prison administrators in transfer decisions is extremely broad, it "does not swallow the inmate's fundamental right of access to the courts. Otherwise, prison administrators would be free to accomplish exactly what plaintiff alleges here, the transfer of successful and, therefore, troublesome litigants for no reason other than their legal activities." *Laaman v. Perrin, supra*, at 319. Since appellant does have a constitutional right to petition the courts, *Bounds v. Smith*, 430 U.S. 817, 821–22, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Furtado v. Bishop*, 604 F.2d 80 (1st Cir. 1979), and since he alleges that the transfer was ordered in retaliation for his exercise of that right, he properly stated a cause of action.

■ Our ruling on this issue is by no means an expression of our opinion on the merits of the claim. We note that on remand, the appellant will face a substantial burden in attempting to prove that the actual motivating factor for his transfer was as he alleges. *See Laaman v. Perrin*, 435 F.Supp. 319, 328 (D.N.H.1977). Plaintiff must prove that he would not have been transferred "but for" the alleged reason. *See Mount Healthy City Board of Ed. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Moreover, the requirement of a "but for" showing together with the wide latitude afforded prison officials in

ordering transfers may make summary judgment particularly appropriate.

Appellant also alleged that he was transferred for providing legal assistance to the other prisoners. It is not clear in the complaint whether the asserted right whose exercise appellant claims motivated the transfer was his own supposed right to provide such assistance, or rather the other inmates' right of access to the courts. The district court interpreted the complaint as raising the latter assertion, and held that the appellant lacked standing to raise what is in effect the right of the other prisoners. Since the appellant does have standing to vindicate this right, *see Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); *Haymes v. Montanye*, 547 F.2d 188 (2d Cir. 1976), we reverse this holding as well.

*Library Access Claim*

With regard to the library access claim, appellant argues on appeal that he was denied access to the prison law library following his transfer. The complaint, however, avers only that he requested permission to gain access to the library and received no answer. Appellant did not allege that access was ever denied. Furthermore, in the complaint appellant did not claim that the refusal to answer his request resulted in an infringement on his ability to gain access to the courts, indeed, the complaint indicates that he still had adequate access to the courts, as demonstrated by his previous appeal to this court, *McDonald v. Hall*, 595 F.2d 1206 (1st Cir. 1979). There was no suggestion that "alternative means to achieve that goal" were lacking. *Bounds v. Smith, supra*, 430 U.S. at 830, 97 S.Ct. at 1499.

Therefore, while we strain to read the complaint liberally, on the facts presented to us concerning this particular appellant, whose brief clearly seems to be the product of more than minimum competence, we cannot say that the trial court

erred in finding that the complaint did not set forth the cause of action which appellant now claims it does. Our duty to be "less stringent" with pro se complaints does not require us to conjure up unpled allegations. *Hurney v. Carver*, 602 F.2d 993 (1st Cir. 1979).

*Reversed in part and remanded.*

LEVIN H. CAMPBELL, Circuit Judge (dissenting).

The so-called first amendment claim raised by McDonald seems to me to be so sparse in its statement of underlying facts and circumstances as not to deserve the further lease on life accorded by the court. Claims involving proof of intent do not, to be sure, lend themselves easily to summary disposition (a generalization which applies to summary judgment as well as to Rule 12(b)(6) dismissals. *See Ferguson v. Omnimedia*, 469 F.2d 194, 198 (1st Cir. 1972)). On the other hand, as the right to transfer is a clearly established part of prison officials' authority, *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976), I think it only reasonable to require that sufficient factual background be provided to support a claim that a transfer was unconstitutionally motivated. Requiring the allegation of facts and circumstances giving at least minimal shape and credibility to the first amendment claim would appear necessary to overcome the usual presumption that inmate transfer is a rightful exercise of prison officials' broad discretion to relocate prisoners at will.

The first amendment claim presented, or perhaps more accurately, suggested by McDonald in the present case is itself so attenuated as to be virtually unrecognizable as such. This complaint shows only a transfer between comparable,* nearby institutions. There is no allegation that McDonald was subject to a prison rule prohibiting the counseling of inmates, *cf. Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718

---

* Nowhere does McDonald allege that the institution to which he was transferred (Norfolk) was harsher than the one in which he had initially been housed (Walpole). Among those who reside in Massachusetts, Walpole is commonly supposed to be a more severe institution.

(1969); *Haymes v. Montanye,* 547 F.2d 188 (2d Cir. 1976), or that he was threatened or reprimanded for engaging in such activity. Moreover, the state now informs us that McDonald has been returned to Walpole, the institution in which he was initially housed. While *pro se* complainants may be excused for demonstrating a lack of legal expertise and knowledge, I see no reason to bend over backwards to excuse the omission of allegations of the basic facts needed to make out a plausible claim. *See Palmigiano v. Mullen,* 491 F.2d 978 (1st Cir. 1974); *cf. Aubut v. Maine,* 431 F.2d 688 (1st Cir. 1970). I would affirm the judgment of the district court.