**Robert Wayne GORDON**

v.

**Raymond K. PROCUNIER.**

**Civ. A. No. G–84–243.**

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 18, 1985.

---

the agreement, he would receive retroactive restoration of lost trusty class status and good conduct time credits if he would discontinue his "jailhouse lawyering". Under this agreement, Pelz and Moore summarily dismissed several disciplinary write-ups. On January 11, 1984, petitioner assisted another inmate in preparing a lawsuit and then sent the lawsuit in petitioner's indigent mail envelopes. On January 20, 1984 petitioner formally requested promotion to trusty class status and restoration of his good conduct time credits. Moore then discussed with petitioner his application, telling petitioner that petitioner had "failed" him by filing the lawsuit. Petitioner explained that he had only agreed not to file suits for himself, not other prisoners. On February 14, 1984, the Unit's Disciplinary Committee "only recommended promotion to Class I status and restore [sic] only lost overtime." This was a "retaliatory action against petitioner for Jailhouse Lawyering."

Robert Wayne Gordon, pro se.

Robert S. Walt, Asst. Atty. Gen., Austin, Tex., for respondent.

## ORDER

HUGH GIBSON, District Judge.

Petitioner, Robert Wayne Gordon, has applied to this Court for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. Respondent Raymond K. Procunier, Director of the Texas Department of Corrections, moves to dismiss. Petitioner moves for an evidentiary hearing under 28 U.S.C. § 2254(d).

### I.

Petitioner is an inmate at the Retrieve Unit of the Texas Department of Corrections. He is serving a seven year sentence upon a plea of guilty for aggravated robbery.

Petitioner's application tells the following story. On September 30, 1983 he entered into an agreement with Lt. C.T. Pelz and Assistant Warden M.W. Moore. Under

### II.

■ This Court clearly has jurisdiction to hear petitioner's application. In *Preiser v. Rodriguez*, 411 U.S. 475, 487, 93 S.Ct. 1827, 1835, 36 L.Ed.2d 439 (1973), the Court held that a claim of unconstitutional deprivation of good conduct time credits is a cognizable habeas corpus claim. Because good conduct time credits effect when prison officials release an inmate from physical confinement, a claim of wrongful deprivation of good conduct time states a claim for illegal confinement. *Id.* "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus". *Id.* at 500, 93 S.Ct. at 1841.

Respondents move to dismiss on the sole ground that prisoners have no constitutional right to good conduct time credit, trusty class status, and early release. Respondents cite the Court to Tex.Rev.Civ.Stat. Ann. art. 6181-1 which provides:

Good conduct time applies only to eligibility for parole or mandatory supervision ... and shall not otherwise affect the inmate's term. Good conduct time is a privilege and not a right ... The director may, however, in his discretion, restore good conduct time forfeited under such circumstances subject to rules and policies to be promulgated by the department.

Presumably respondent cites this statute to show that under state law, restoration of good conduct time is discretionary; therefore, plaintiff does not have a liberty interest in restoration of good conduct time which would implicate procedural due process, *see Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Mitchell v. Hicks*, 614 F.2d 1016 (5th Cir.1980).

■ Respondent's arguments are inapposite. *Preiser* clearly establishes that an inmate has an action for habeas corpus relief if he is wrongfully deprived of his good conduct time credit, regardless of whether he has a constitutional right to the credits in the first instance. Thus, if petitioner claimed that he was deprived of good conduct time credits and trusty class status as punishment for jailhouse lawyering, he would perhaps have a cognizable habeas claim. Prison inmates clearly have a fundamental constitutional right of access to the courts.[1] *See Bounds v. Smith*, 430 U.S. 817, 828–29, 97 S.Ct. 1491, 1498–99, 52 L.Ed.2d 72 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Johnson v. Avery*, 393 U.S. 483, 490, 89 S.Ct. 747, 751, 21 L.Ed.2d 718 (1969); *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir.1979); *Garland v. Polley*, 594 F.2d 1220, 1223 (8th Cir.1979); *Novak v. Beto*, 453 F.2d 661, 662–64 (5th Cir.1971), *cert. denied*, 409 U.S. 968, 93 S.Ct. 279, 34

L.Ed.2d 233 (1972). Prison officials may not, even in the exercise of a discretionary function such as transfering a prisoner, punish inmates for seeking access to the courts. *E.g., McDonald v. Hall*, 610 F.2d at 18.

Instead, petitioner claims that respondent did not keep an agreement to restore lost good conduct time and trusty class status if petitioner would refrain from writing writs. Thus, assuming that petitioner's allegations are true, petitioner presents the Court with one of the two following issues. That an inmate suffered a constitutional deprivation if 1) he foregoes exercising a constitutional right to attain a promised benefit which prison officials fail to bestow or 2) prison officials falsely induce him not to exercise a constitutional right by promising to bestow benefits which are never delivered?

The Court believes that in neither case would petitioner state a deprivation that rises to constitutional status and deserving of habeas corpus relief. If prison officials conned or lied to petitioner, they acted deplorably. But they did not coerce or punish an inmate for exercising his constitutional rights. Thus, the Court could not say that in these circumstances an inmate is in custody in violation of the constitution.

■ Although the Court believes that petitioner's claim would fail for this reason, the Court dismisses petitioner's application on other grounds. Petitioner has not set forth the relief he desires. By implication, he clearly seeks restoration of his credits and trusty class status. Yet petitioner has not alleged or shown that the good conduct time credit and trusty class status would have been restored but for his exercise of his constitutional rights. Instead, petitioner alleges that disciplinary "write-ups" were dismissed because of the agreement, indicating that there were independent grounds for respondent's decision. It is

---

1. The Court also notes that the United States District Court for the Southern District of Texas, at Houston, enjoined the Texas Department of Corrections "from maintaining or enforcing any rule or practice prohibiting prisoners ... from giving or receiving legal assistance with regard to civil rights matters." *Corpus v. Estelle*, 409 F.Supp. 1090, 1097 (S.D.Tex.1975), *aff'd*, 551 F.2d 68, 71 (5th Cir.1977).

well established that a constitutional violation will not call for habeas corpus relief if the petitioner was not harmed or prejudiced by the violation. *See, e.g., Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982); *Booton v. Hanauer,* 541 F.2d 296 (1st Cir.1976); *Kartman v. Parratt,* 535 F.2d 450 (8th Cir.1976). The Court does not believe that it may order a state prison official to restore good conduct time credits and trusty class status to an inmate who would not receive this privilege for reasons independent of his exercise of his constitutional rights.

For these reasons, respondent's motion to dismiss is GRANTED and petitioner's application is DISMISSED.