Douglas LaVerne ADAMS, Plaintiff–Appellant,

v.

L. WAINWRIGHT, Louis Carmichael, W. Marion Ellis, John L. Townsend, Jr., Michael Odom, Defendants–Appellees.

No. 87–3865.

United States Court of Appeals, Eleventh Circuit.

June 27, 1989.

Douglas Laverne Adams, Daytona Beach, Fla., pro se.

Charlie L. Adams, Jacksonville, Fla., for plaintiff-appellant.

J. Craig Myrick and Kimberly J. Tucker, Asst. Attys. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendants-appellees.

Before FAY and HATCHETT, Circuit Judges, and HOFFMAN *, Senior District Judge.

PER CURIAM:

The appellant, Douglas LaVerne Adams, alleged that prison authorities transferred him in retaliation for filing lawsuits and unconstitutionally confiscated his legal materials. Adams contends that the district court erred by granting summary judgment to the prison authorities on these contentions.

The evidence Adams submitted refuted the allegations in his complaint. Consequently, Adams failed to present a genuine issue of material fact. *See Celotex v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The state urges us to adopt the "but for" standard set forth in *McDonald v. Hall*, 610 F.2d 16, 18–19 (1st Cir.1979) (prisoner must prove that he or she would not have been transferred "but for" an assertion of constitutional rights). We decline to adopt the "but for" standard. *See Hall v. Evans*, 86–8782 (11th Cir. March 9, 1988) [842 F.2d 337 (table)] ("To the extent that the 'but for' test places a greater burden of proof on the appellant, we decline to follow it.").

Accordingly, we affirm the district court.

AFFIRMED.