881 F.2d 1075
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Khalil-Ullah AL-MUHAYMIN, Plaintiff-Appellant,
v.
Wayne CASTEEL; James R. Worsington; Larry Wright; Otie
Jones; Alma Jones; Orie Rice; Clint Neal;
Charles Enson; Defendants-Appellees,
Stephen Norris, Defendant.
 Nos. 89-5109, 89-5111.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1989.
 
 1
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and RICHARD B. McQUADE, Jr., District Judge.*
 
 ORDER
 
 2
 Khalil-Ullah Al-Muhaymin, a pro se Tennessee prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking injunctive, declaratory and monetary relief, plaintiff sued eleven prison officials, alleging they conspired to deprive him of his constitutional rights. Specifically, he alleged that defendants conspired to intimidate, harass and retaliate against him for his excercise of his first amendment rights of free access to the courts and free exercise of religious beliefs. Further, he claimed he was illegally transferred from Southeastern Tennessee State Regional Correctional Facility (STSRCF) to Bushy Mountain State Penitentiary (BMSP) in violation of his constitutional rights. Defendants filed motions for summary judgment to which plaintiff responded. The district court granted the motion for defendants. These appeals follow.
 
 
 4
 Upon consideration, we affirm the district court's dismissal of the complaint as Al-Muhaymin failed to prove the existence of a genuine issue of material fact and the defendants were entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Adcock v. Firestone Tire & Rubber Co., 822 F.2d 623 (6th Cir.1987). Al-Muhaymin failed to establish that he was deprived of a right secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). Although Al-Muhaymin alleged that his constitutional rights were violated by his transfer from STSRCF to BMSP, inmates have no constitutional right to be incarcerated in any particular state institution and may be transferred at the discretion of state officials unless the state has created a liberty interest in remaining in a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 245-51 (1983); Meachum v. Fano, 427 U.S. 215 (1976). Tennessee has not created such a liberty interest; transfer of prisoners is within the wide discretion of prison administrators. See TDOC Policy No. 410.01.
 
 
 5
 To the extent Al-Muhaymin claimed his transfer was punative and in retaliation for his religious and legal activities, he has a substantial burden in attempting to prove that the actual motivating factor for his transfer was retaliation. Al-Muhaymin must prove that he would not have been transferred "but for" the alleged reason. McDonald v. Hall, 610 F.2d 16, 18-19 (1st Cir.1979). He has offered no proof in this regard.
 
 
 6
 Accordingly, the order of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation