887 F.2d 1081
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert D. SHEPARD, Plaintiff-Appellant,
v.
Loraine E. EUBANKS, West Virginia Penitentiary; H.D.
Gillispie, Lt. Col.; William Arnold, Sgt.; Jerry C.
Hedrick, Warden; A.V. Dodrill, Commissioner, individually
and in their official capacities, Defendants-Appellees.
 No. 89-6565.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 31, 1989.
Decided: Sept. 22, 1989.
 
 Robert D. Shepard, appellant pro se.
 Before HARRISON L. WINTER, DONALD RUSSELL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Shepard, a West Virginia prisoner, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). Shepard sought damages for violation of his constitutional rights when he was punished for possessing another inmate's legal papers.
 
 
 2
 In Neitzke v. Williams, 57 U.S.L.W. 4493, 4495 (U.S. May 1, 1989) (No. 87-1882), decided after the district court's decision in this case, the Supreme Court defined the term "frivolous" under 28 U.S.C. Sec. 1915(d). The concept embraces, according to the Court, those claims based on "indisputably meritless legal theories" or "clearly baseless" factual contentions. Because the district court gave no indication that Shepard's claim was founded on "clearly baseless" factual contentions, the relevant question is whether Shepard's claim is grounded in "indisputably meritless legal theories."
 
 
 3
 A fair reading of Shepard's complaint reveals that he alleged his constitutional rights were violated in two ways: first, when he was punished for violation of a rule which itself violated the constitutional right to legal assistance of other inmates and second, when he was harassed for his actions as a legal assistant. In both instances, the basis of Shepard's complaint is that he was harmed because of the violation of the constitutional rights of third parties.
 
 
 4
 While there is no published authority in this Circuit, in Rhodes v. Robinson, 612 F.2d 766 (3d Cir.1979), the court noted that the Supreme Court has disregarded the rule against jus tertii, the vicarious assertion of rights, in numerous cases involving constitutional rights. "An important exception arises when enforcement of a legal rule will interfere with the rights of third parties who lack an effective means of asserting their own rights, but the person against whom the rule is enforced does not." Id. at 769. Accord McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (citing Johnson v. Avery, 393 U.S. 483 (1969)). Given this authority, Shepard's claims are certainly not based on an "indisputably meritless legal theory." Pursuant to the intervening decision in Neitzke v. Williams, 57 U.S.L.W. 4493 (U.S. May 1, 1989) (No. 87-1881), this complaint should not be dismissed as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 5
 It also cannot be said that Shepard waived his right to pursue his claims by pleading guilty in the disciplinary hearing, see Haring v. Prosise, 462 U.S. 306 (1983), or that his claims are barred by the doctrines of res judicata or collateral estoppel. It is doubtful that West Virginia would apply the doctrines of res judicata or collateral estoppel to prison disciplinary proceedings under the test articulated in Mellon-Stuart Co. v. Hall, 359 S.E.2d 124, 133 (W.Va.1987), particularly in light of the difficulties with treating prison officials as judicial officers. See Cleavinger v. Saxner, 474 U.S. 193, 203-04 (1985). Even if these doctrines were found to control in this context, however, they would not apply in this case. Res judicata would not bar the present action because the prior action did not involve the same parties, and collateral estoppel would not control because the legality of the order Shepard violated was not litigated in the prior action. See Moran v. Reed, 338 S.E.2d 174 (W.Va.1985); Conley v. Spillers, 301 S.E.2d 216 (W.Va.1983).
 
 
 6
 For the foregoing reasons, the district court's decision is vacated and the case remanded for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid in the decisional process.
 
 
 7
 VACATED AND REMANDED.