977 F.2d 582
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmie Lee RILEY, Plaintiff-Appellant,
v.
Chris DANIELS, Defendant-Appellee.
 No. 92-1530.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1992.
 
 1
 Before KENNEDY and MILBURN, Circuit Judges, and WELLFORD Senior Circuit Judge.
 
 ORDER
 
 2
 Jimmie Lee Riley moves for a stay and appeals the district court's order granting the defendant's motion to tax costs. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In the underlying case, Case No. 91-2409, this court affirmed the district court's judgment granting summary judgment for the defendant. The district court decided that Riley did not show that the actual motivating factor for his transfer was retaliation and that, but for the alleged reason, he would not have been transferred. See McDonald v. Hall, 610 F.2d 16, 18-19 (1st Cir.1979). Following this court's order affirming the district court's decision, the defendant filed a motion to tax costs pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920.
 
 
 4
 The district court granted the motion, and this appeal followed. On appeal, Riley requests a stay of the order taxing costs as the taxation rate of 50% of his monthly earned income will make him suffer undue hardship in prosecuting his cases. In the alternative, he requests that the rate be no greater than 10% of his institutional income, exclusive of gifts.
 
 
 5
 Upon review, we affirm the district court's order entered April 14, 1992. The appellee's motion for costs seeks an amount permissible under Sixth Circuit Rule 26. Riley's answer included statements setting forth his inability to pay the costs. The district court has considered the question of the capacity to pay costs and the collection method to be utilized in obtaining funds from Riley to satisfy the order for costs. See generally Weaver v. Toombs, 948 F.2d 1004 (6th Cir.1991). No abuse of discretion occurred.
 
 
 6
 Accordingly, it is ordered that the district court's order be, and it hereby is, affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. The motion for stay is denied.