81 F.3d 147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
John J. SULLIVAN, Plaintiff, Appellant,
v.
Michael J. CUNNINGHAM, et al., Defendants, Appellees.
 No. 95-1915.
 United States Court of Appeals, First Circuit.
 March 29, 1996.
 
 John J. Sullivan on brief pro se.
 Jeffrey R. Howard, Attorney General, Stephen J. Judge, Senior Assistant Attorney General, and Martin P. Honigberg, Assistant Attorney General, on brief for appellees.
 Before TORRUELLA, Chief Judge, BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 We have carefully reviewed the parties' briefs and the record, including the transcript of the May 5, 1995 hearing, and affirm the district court's judgment denying appellant John J. Sullivan's request for a preliminary injunction. We rely on essentially the reasons set forth in the court's Order, dated July 11, 1995. We add the two following comments.
 
 
 2
 1. The district court has "broad authority" in applying to a given case the four factors for determining whether to grant a preliminary injunction. United Steelworkers v. Textron, Inc., 836 F.2d 6, 8 (1st Cir.1987). Appellant argues that the court here abused its discretion by only considering whether appellant was likely to succeed in demonstrating that "but for" the unconstitutional retaliatory motive, he would not have been transferred. See McDonald v. Hall, 610 F.2d 16, 18 (1st Cir.1979). We disagree. Where, as here, the court's factual findings in this regard are not clearly erroneous, Roselli v. Affleck, 508 F.2d 1277, 1280 (1st Cir.1974) (tentative findings of fact on a motion for preliminary injunction are entitled to the normal, strong presumption of correctness), there is no reason for it to proceed to consider public interest or the risks of harm to either party. Cf. Jackson v. Fair, 846 F.2d 811, 815, 820-21 (1st Cir.1988) (affirming the denial of an injunction based only on likelihood of success on the merits).
 
 
 3
 2. Appellant claims that the district court should have determined whether he likely would succeed on the merits of all of his claims, not only the retaliatory transfer claim. However, appellant does not explain, and we cannot see, how consideration of all the claims could change the result the district court reached. That is, even if the court found appellant likely to succeed on one or more of these claims, he still would not be entitled to the injunction he seeks.
 
 
 4
 Affirmed. Local Rule 27.1.