USCA1 Opinion

 

 March 29, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1915 JOHN J. SULLIVAN, Plaintiff, Appellant, v. MICHAEL J. CUNNINGHAM, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Paul J. Barbadoro, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ John J. Sullivan on brief pro se. ________________ Jeffrey R. Howard, Attorney General, Stephen J. Judge, Senior __________________ _________________ Assistant Attorney General, and Martin P. Honigberg, Assistant _____________________ Attorney General, on brief for appellees. ____________________ ____________________ Per Curiam. We have carefully reviewed the ___________ parties' briefs and the record, including the transcript of the May 5, 1995 hearing, and affirm the district court's judgment denying appellant John J. Sullivan's request for a preliminary injunction. We rely on essentially the reasons set forth in the court's Order, dated July 11, 1995. We add the two following comments. 1. The district court has "broad authority" in applying to a given case the four factors for determining whether to grant a preliminary injunction. United ______ Steelworkers v. Textron, Inc., 836 F.2d 6, 8 (1st Cir. 1987). ____________ _____________ Appellant argues that the court here abused its discretion by only considering whether appellant was likely to succeed in demonstrating that "but for" the unconstitutional retaliatory motive, he would not have been transferred. See McDonald v. ___ ________ Hall, 610 F.2d 16, 18 (1st Cir. 1979). We disagree. Where, ____ as here, the court's factual findings in this regard are not clearly erroneous, Roselli v. Affleck, 508 F.2d 1277, 1280 _______ _______ (1st Cir. 1974) (tentative findings of fact on a motion for preliminary injunction are entitled to the normal, strong presumption of correctness), there is no reason for it to proceed to consider public interest or the risks of harm to either party. Cf. Jackson v. Fair, 846 F.2d 811, 815, 820-21 ___ _______ ____ (1st Cir. 1988) (affirming the denial of an injunction based only on likelihood of success on the merits). -3- 2. Appellant claims that the district court should have determined whether he likely would succeed on the merits of all of his claims, not only the retaliatory transfer ___ claim. However, appellant does not explain, and we cannot see, how consideration of all the claims could change the result the district court reached. That is, even if the court found appellant likely to succeed on one or more of these claims, he still would not be entitled to the injunction he seeks. Affirmed. Local Rule 27.1. ________ -4-