USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1336

 RONALD L'HEUREUX,

 Plaintiff, Appellant,

 v.

 LEO ASHTON, ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ronald R. Lagueux, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Boudin and Lipez, Circuit Judges.
 
 

 Ronald L'Heureux on brief pro se.
 Jeffrey B. Pine, Attorney General and Elisabeth A. Wallace,
Special Assistant Attorney General, on Motion to Dismiss Appeal or
to Summarily Affirm the Judgment Below and Memorandum in Support,
for appellees.

October 13, 1998

 
 

 Per Curiam. Upon careful consideration of
 plaintiff's brief and defendants' motion to dismiss this
 appeal, and de novo review of the record, we conclude that the
 district court did not err in granting summary judgment for
 defendants and in refusing to exercise pendent jurisdiction. 
 We reach this conclusion for the following reasons:
 1. As to the first amendment claims, even to the
 extent that plaintiff may have had some constitutional right to
 act as a jailhouse lawyer for other inmates, any such right was
 not unfettered: "plaintiff in this case is a prisoner and
 unlike an ordinary citizen, his associational rights may be
 permissibly restricted by prison authorities because of the
 institutional need to maintain order." Rizzo v. Dawson, 778
 F.2d 527, 531-32 (9th Cir. 1985). Such restriction is "valid
 if it is reasonably related to legitimate penological
 interests." Turner v. Safley, 482 U.S. 78, 89-90 (1987). 
 Here, defendants presented sufficient justification for the
 subject restrictions, the substance of which plaintiff failed
 to refute as required under Fed. R. Civ. P. 56(e). Thus, as
 far as the record shows, the regulations violated by plaintiff
 and the resulting disciplinary actions did not unreasonably
 impinge on his first amendment rights. Accordingly, summary
 judgment for defendants on the first amendment claims was
 warranted. 
 2. As to plaintiff's due process claims, the
 disciplinary segregatio imposed was not such an atypical, 
 -2-
 significant deprivation as would create a liberty interest
 subject to constitutional due process protection. See Sandinv. Conner, 515 U.S. 472, 485-86 (1995). Further, plaintiff's
 claims regarding loss of good time credits were not cognizable
 in this 1983 action. See Edwards v. Balisok, 117 S.Ct. 1584,
 1588-89 (1997). Because, under Sandin and Balisok, neither of
 plaintiff's disciplinary proceedings raised due process claims
 cognizable in this federal action, there was no call to
 consider plaintiff's additional arguments that the proceedings
 violated various consent decrees and other state laws and
 regulations. Accordingly, summary judgment for defendants on
 the due process claims was appropriate, and the district court
 properly declined to exercise jurisdiction over plaintiff's
 state law claims. 
 3. Defendants' conduct in disciplining plaintiff,
 even if not unconstitutional, still might have been actionable
 if it was done in retaliation for plaintiff's exercise of
 constitutionally protected rights. See Ferranti v. Moran, 618
 F.2d 888 892 n.4 (1st Cir. 1980). To succeed on such a
 retaliation claim, plaintiff must prove that the action would
 not have been taken "but for" the alleged improper reason. 
 McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979). Conclusory
 allegations are not sufficient. See Leonardo v. Moran, 611
 F.2d 397, 398 (1st Cir. 1979). Here, plaintiff's allegations
 of a retaliatory conspiracy remained vague and conclusory, and
 those allegations did not establish a "but for" connection
 between the disciplinary proceedings and the alleged
 retaliatory motive. Therefore, on the record here, summary
 judgment for defendants on the retaliation claims also was
 proper. See McDonald, 610 F.2d at 18-19.
 4. Further, we agree with the district court that
 all defendants were entitled to qualified immunity as to the
 damage claims. And we note that the state Department of
 Corrections was not a party to the district court action or to
 this appeal, so that plaintiff's claims for injunctive relief
 against the state DOC have no merit whatsoever.
 5. To the extent that the additional arguments and
 claims raised in plaintiff's brief are cognizable at all in
 this appeal, they are meritless.
 Affirmed. See 1st Cir. Loc. R. 27.1.