Michael C. DOUGHERTY,
Plaintiff–Appellant,

v.

TOWN OF NORTH HEMPSTEAD BOARD OF ZONING APPEALS, David Mammina, individually and in his official capacity as a member of the Town of North Hempstead Board of Zoning Appeals, Edward Smith, individually and in his official capacity as a member of the Town of North Hempstead Board of Zoning Appeals, Donal McCarthy, individually and in his official capacity as a member of the Town of North Hempstead Board of Zoning Appeals, Mildred Little, individually and in her official capacity as a member of the Town of North Hempstead Board of Zoning Appeals, Sondra Pardes, individually and in her official capacity as a member of the

Town of North Hempstead Board of Zoning Appeals and William Smalley, individually and in his official capacity as Town of North Hempstead Building Inspector, Defendants–Appellees.

Docket No. 01–7223.

United States Court of Appeals,
Second Circuit.

Argued: Nov. 15, 2001.

Decided: Feb. 26, 2002.

---

Robert L. Dougherty, Garden City, NY, for Plaintiff–Appellant Michael C. Dougherty.

Joan Gilbride, New York, NY (Kaufman, Borgeest & Ryan), for Defendants–Appellees Town of North Hempstead Board of Zoning Appeals, David Mammina, individually and in his official capacity as a member of the Town of North Hempstead Board of Zoning Appeals, Edward Smith, individually and in his official capacity as a member of the Town of North Hempstead Board of Zoning Appeals, Donal McCarthy, individually and in his official capacity as a member of the Town of North Hempstead Board of Zoning Appeals, Mildred Little, individually and in her official capacity as a member of the Town of North Hempstead Board of Zoning Appeals, Sondra Pardes, individually and in her official capacity as a member of the Town of North Hempstead Board of Zoning Appeals and William Smalley, individually and in his official capacity as Town of North Hempstead Building Inspector.

Before: FEINBERG, CARDAMONE, and SOTOMAYOR, Circuit Judges.

FEINBERG, Circuit Judge.

This appeal arises out of an action brought by plaintiff Michael C. Dougherty against defendants Town of North Hemp-

stead Board of Zoning Appeals, its individual members, and the Building Inspector of the Town of North Hempstead. Dougherty's complaint, brought under 42 U.S.C. §§ 1983 and 1985, alleged that defendants violated his constitutional rights in denying his application for a building permit to allow construction on his bungalow unit.

Dougherty asks us to review a January 2001 order of the United States District Court for the Eastern District of New York, Nicholas G. Garaufis, J, granting defendants' motion to dismiss Dougherty's complaint pursuant to Fed.R.Civ.P. 12(b)(6), and denying Dougherty's motion for leave to amend his complaint. The judge held that (1) Dougherty's claims in the original complaint were not yet ripe for review and (2) the proposed amended complaint, which added a First Amendment claim, similarly could not survive a motion to dismiss. We affirm in part, and reverse and remand in part.

## I. Background

The record before us discloses the following. In January 1996, Dougherty purchased shares entitling him to occupy a cooperative unit in the Beacon Hill Bungalow Association Development located in Port Washington, New York. Shortly after purchase, Dougherty began renovating and replacing portions of his bungalow unit. Soon after, Dougherty received a cease and desist order from the Town of North Hempstead (hereafter the Town).[1] According to defendants, the bungalow units in the Beacon Hill Development are nonconforming dwellings under the Town's building code.

After receiving the cease and desist order, Dougherty applied to the Town for a permit. In May 1996, the Town Building Department denied Dougherty's application, stating that he had violated § 70–208(F) of the Town Code, which prohibits enlargement of a nonconforming dwelling.[2] A few weeks later, Dougherty appealed to the Town Board of Zoning Appeals (hereafter the Board), claiming that his construction had not increased and would not increase the existing nonconformity. The Board held a hearing in August 1996, at which it decided that Dougherty had to submit a Draft Environmental Impact Statement (EIS) to the Town Planning Department.

In September 1996, Dougherty commenced an Article 78 proceeding in the New York Supreme Court challenging the Board's determination. In June 1997, that court found no rational basis for the Board's requirement of an EIS and remanded the case to the Board to consider the merits of Dougherty's application. The Board appealed, and in May 1999 the Appellate Division, Second Department affirmed.

In August 1999, Dougherty again applied for a building permit but received no immediate response. In October 1999, the Board held a hearing—pursuant to the state court remand on Dougherty's first application—to determine whether Dougherty's alterations violated § 70–208(F). In prior correspondence with the Board and in the 1996 state court action, Dougherty had argued that he had not increased the existing footprint of the dwelling. But

---

**1.** Port Washington is an unincorporated area within the Town of North Hempstead, New York.

**2.** Section 70–208(F) of the Town Code provides that

A nonconforming building shall be extended, altered, enlarged, replaced or moved only if such extension, alteration, enlargement, replacement or move does not increase the existing nonconformity.

North Hempstead, N.Y., Code § 70–208(F) (1987).

during the October 1999 Board hearing, Dougherty conceded that he had constructed an additional four-foot by four-foot expansion to the bungalow. In a decision apparently issued orally in December 1999 and published the following month, the Board upheld the denial of a permit based upon Dougherty's admitted violation of § 70–208(F). The Board nevertheless noted that, "should [Dougherty] be so advised, [he] should seek [variance] relief from this Board."

Dougherty, however, had already filed this action in the Eastern District alleging, among other things, that defendants had violated his constitutional rights to equal protection and procedural due process, and his substantive due process right to be free from arbitrary and capricious government action. Dougherty also alleged a taking of his property under the Fifth Amendment. He requested compensatory and punitive damages and injunctive relief directing the Board to grant him a permit. In January 2000, defendants moved to dismiss the Eastern District complaint, arguing that plaintiff's claims were not ripe and also that the complaint failed to state a cause of action.

On February 2, 2000, the Town Building Department nevertheless granted Dougherty's second application and issued a permit enabling him to proceed with his renovations. On February 17, 2000, Dougherty's architects met with the Town's building inspector Matthew Cardone to discuss the proposed construction. Cardone approved the plans, and in the following weeks, substantial work was done on the property and Dougherty incurred significant expense.

Dougherty claims that on March 10, 2000 he served papers by mail opposing the Town's motion to dismiss. By letter dated March 14, 2000, the Town revoked Dougherty's permit, stating that it had been issued "in error." Thereafter, Dougherty moved in the Eastern District for leave to amend his complaint to include a First Amendment claim, alleging that the Board revoked his permit in retaliation for his continued pursuit of the Eastern District action.

In an opinion filed in January 2001, the district court granted the Board's motion to dismiss the complaint and denied Dougherty's motion to amend his complaint, holding that the claims in the complaint were not ripe under *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), and that Dougherty's proposed amendments to the complaint would be futile for the same reason. This appeal followed.

## II. Discussion

We review de novo the district court's grant of defendants' motion to dismiss, accepting the allegations in Dougherty's initial and proposed amended complaints as true, and drawing all inferences in Dougherty's favor. *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir.2001); *Connolly v. McCall*, 254 F.3d 36, 40 (2d Cir.2001). We review the denial of a motion for leave to amend for an abuse of discretion. *Jones v. New York State Div. of Military and Naval Affairs*, 166 F.3d 45, 49 (2d Cir.1999). If that denial was based on an interpretation of law, we review that legal conclusion de novo. *Id.* at 49. Leave to amend a complaint shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). "[U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of amendment" will serve to prevent an amendment prior to trial. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9

L.Ed.2d 222 (1962). An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6). *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir.1991).

### 1. *Ripeness of the constitutional claims in the initial complaint*

Dougherty argues that the district court erred in granting the motion to dismiss his initial complaint on the ground of lack of ripeness.

The key issue before us on this aspect of Dougherty's appeal is whether the ripeness test announced in *Williamson* applies to his equal protection and due process claims. In *Williamson*, plaintiff owner of a tract of land sued a Tennessee regional planning commission alleging that the commission's application of various zoning laws and regulations to the plaintiff's property amounted to an unconstitutional "taking" under the Fifth Amendment. *Williamson*, 473 U.S. at 175, 105 S.Ct. 3108. The Court held that plaintiff's claim was not ripe for federal court review. *Id.* at 186, 105 S.Ct. 3108. The Court stated that to meet the ripeness requirement, a plaintiff alleging a Fifth Amendment taking of a property interest must satisfy a two-prong test and show that (1) the state regulatory entity has rendered a "final decision" on the matter, and (2) the plaintiff has sought just compensation by means of an available state procedure. *Id.* at 186, 194–95, 105 S.Ct. 3108. Although plaintiff's development plan had been rejected by the commission, plaintiff could have sought a variance from the zoning ordinance that would have resolved many of the commission's objections. *Id.* at 188, 105 S.Ct. 3108. Since plaintiff in *Williamson* did not apply

for such a variance, he had not received a "final, definitive" decision regarding how the commission "will apply the regulations at issue to the particular land in question." *Id.* at 191, 105 S.Ct. 3108.

Dougherty makes two arguments to us on this aspect of the case. He first contends that the district court should not have applied the *Williamson* test to the equal protection and procedural due process claims, because that test applies only to a takings claim.[3] He next argues that even if *Williamson* does apply to these constitutional claims, he satisfied the ripeness requirement because he applied for and was denied a *variance*, which constituted a final decision.

Defendants counter that (1) *Williamson's* ripeness test does apply to Dougherty's claims, and (2) Dougherty applied only for a permit, not a variance, and has therefore not yet received a final decision.

We turn to Dougherty's first argument. The district judge here rejected the view that the *Williamson* test should be confined to a claim for an unconstitutional "taking." The judge stated that because Dougherty could have applied for a variance for his nonconforming building plans but had not done so,

> there has not been a final decision by the Town of North Hempstead Building Department or [Board of Zoning Appeals] depriving Plaintiff of all beneficial use of his property. Plaintiff's claim is not ripe for federal judicial resolution.

The ripeness requirement of *Williamson*, although announced in a takings context, has been extended to equal protection and due process claims asserted in the context of land use challenges. See *South-*

---

**3.** On appeal, Dougherty apparently concedes that *Williamson* applies to his substantive due

process claims.

*view Assocs., Ltd. v. Bongartz,* 980 F.2d 84, 96–97 (2d Cir.1992) (substantive due process), cert. denied, 507 U.S. 987, 113 S.Ct. 1586, 123 L.Ed.2d 153 (1993); *Unity Ventures v. County of Lake,* 841 F.2d 770, 774–76 (7th Cir.) (equal protection and substantive and procedural due process), cert. denied, 488 U.S. 891, 109 S.Ct. 226, 102 L.Ed.2d 216 (1988); *Herrington v. County of Sonoma,* 834 F.2d 1488, 1494 (9th Cir.1987) (equal protection and substantive due process), amended by 857 F.2d 567 (9th Cir.1988), cert. denied, 489 U.S. 1090, 109 S.Ct. 1557, 103 L.Ed.2d 860 (1989). We agree with the district court that the *Williamson* test applies to Dougherty's constitutional claims asserted in the original complaint.

Dougherty's second argument—that he did apply for a variance and thereby obtained a final decision—requires little discussion. It does not appear in the record before us that Dougherty either sought, or was denied, a variance. In its December 1999 decision, the Board made clear that Dougherty had not applied for a variance.[4] Under the circumstances, Dougherty has not received a final decision under *Williamson.*

We are not unsympathetic to Dougherty's complaints about the 5½ year delay occasioned in large part by the Board's unjustified requirement that he file an EIS. And we are aware of Dougherty's charge that the Board treated him unfairly in allegedly changing its policy regarding legitimization of prior nonconforming uses, and requiring him to remove not only the four by four addition he constructed, but also an addition constructed by a prior

owner of the property. We are also aware of Dougherty's claim that he suffered considerable damage, including the lost use of his property over a lengthy period and the lost rental income he could have earned. Nevertheless, under *Williamson* the claims in Dougherty's original complaint were not ripe as discussed above. We affirm the district court's ruling dismissing the original complaint.

2. *Proposed amended complaint containing a First Amendment claim of retaliation*

Dougherty's second principal contention on appeal is that the district court erred in denying his motion for leave to amend his complaint to include a First Amendment claim. The district judge denied leave to amend as futile because the *Williamson* ripeness requirement would also have required him to dismiss the amended complaint. Dougherty argues that *Williamson* does not apply to his First Amendment claim. Defendants counter that *Williamson* does apply, and, in any event, Dougherty did not allege sufficient facts to state a claim.

We turn to the first issue: whether the *Williamson* ripeness requirement applies to a First Amendment claim of retaliation in the context of a land use challenge. The district judge simply applied *Williamson* to Dougherty's proposed amended complaint without specifically discussing this issue. On appeal, defendants rely principally on *Kittay v. Giuliani,* 112 F.Supp.2d 342, 349 & n. 5 (S.D.N.Y.2000), aff'd, 252 F.3d 645 (2d Cir.2001), in which the *Williamson* ripeness inquiry was applied to a plaintiff's First Amendment

---

**4.** In its decision, the Board stated that
The only means by which a permit can be approved that expands the non-conformity ... is by way of variance. Since a variance has not been sought from this Board, we cannot consider such variances now.... In-

stead, on remand, the Commissioner should identify those provisions of the North Hempstead Code that require variance relief, and petitioner ... should seek that relief from this Board.

claim in a challenge to zoning regulations.[5] After Dougherty appealed, this Court affirmed *Kittay*, but noted that the appellant "has not renewed his First Amendment argument on appeal." *Kittay*, 252 F.3d at 646 n. 1. Therefore, the issue of application of *Williamson* to a First Amendment claim of retaliation has apparently not been decided by us.

The facts in *Kittay* differed significantly from those in this case. In *Kittay*, the trustee for a landowner's bankruptcy estate sued various New York City and State governmental entities and officials, challenging the constitutionality of zoning regulations enacted to protect New York City's watershed. The plaintiff alleged that defendants' conduct in negotiating, approving, and implementing the regulations violated plaintiff's constitutional rights. Plaintiff claimed, among other things, that its First Amendment right to petition the government for redress of grievances was violated by defendants when they allegedly agreed not to challenge the validity of the regulations in court. Thus, plaintiff alleged, defendants rendered "futile plaintiff's ability to seek the support and assistance of its local or state representatives." 112 F.Supp.2d at 347. However, unlike the plaintiff in *Kittay*, Dougherty challenges government actions that he alleges were aimed at him personally.

■ The purpose of the ripeness requirement is to ensure that a dispute has generated injury significant enough to satisfy the case or controversy requirement of Article III of the U.S. Constitution. The ripeness requirement prevents a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur, depending on the final administrative resolution. See *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). On the facts of this case, Dougherty's First Amendment claim of retaliation is significantly different from his due process and equal protection claims. The latter claims each raise a question of administrative finality, but Dougherty's First Amendment claim of retaliation is based upon an immediate injury. Dougherty suffered an injury at the moment the defendants revoked his permit, and Dougherty's pursuit of a further administrative decision would do nothing to further define his injury. Therefore, Dougherty's First Amendment retaliation claim should not be subject to the application of the *Williamson* ripeness test.

■ In addition, in the First Amendment context, the ripeness doctrine is somewhat relaxed. See *Nutritional Health Alliance v. Shalala*, 144 F.3d 220, 226 (2d Cir.), cert. denied, 525 U.S. 1040, 119 S.Ct. 589, 142 L.Ed.2d 532 (1998); *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir.1995); *Cheffer v. Reno*, 55 F.3d 1517, 1523 n. 12 (11th Cir.1995); *ACORN v. City of Tulsa*, 835 F.2d 735, 739–40 (10th Cir.1987); *Sanger v. Reno*, 966 F.Supp. 151, 161 (E.D.N.Y.1997). Indeed, one of the leading authorities on this subject states, "First Amendment rights of free expression and association are particularly apt to be found ripe for immediate protection, because of the fear of irretrievable loss." 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3532.3 (1984). See also *Tri–State Video Corp. v. Town of Stephentown*,

---

**5.** In the district court, defendants apparently did not cite the then very recent district court decision in *Kittay*.

No. 97–CV–965, 1998 WL 72331, at *5 (N.D.N.Y. Feb.13, 1998). Under the circumstances here, we hold that the alleged retaliatory revocation of Dougherty's permit gave rise to a claim ripe for adjudication.

■ Defendants also argue that even if Dougherty's First Amendment claim is ripe, he has not adequately pleaded it.[6] To establish a retaliation claim under § 1983 in this case, Dougherty must show that (1) his conduct was protected by the First Amendment, *Gagliardi v. Village of Pawling*, 18 F.3d 188, 194 (2d Cir.1994) (quoting *Brady v. Town of Colchester*, 863 F.2d 205, 217 (2d. Cir.1988)), and (2) such conduct prompted or substantially caused defendant's action, *Brady*, 863 F.2d at 217. See *Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 40–42 (1st Cir.1992) (plaintiff stated First Amendment claim that officials denied permit in retaliation for political views of plaintiff).

■ The rights to complain to public officials and to seek administrative and judicial relief from their actions are protected by the First Amendment. See *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir.1988); see also *United Mine Workers v. Illinois State Bar Ass'n*, 389 U.S. 217, 222, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967) (right to petition government for redress of grievances is "among the most precious of the liberties safeguarded by the Bill of Rights" and is "intimately connected . . . with the other First Amendment rights of free speech and free press"). Here, Dougherty's filing and continued prosecution of this action is conduct protected by the First Amendment.

■ In alleging that the Board's revocation of the previously issued permit was retaliatory, Dougherty points to cir-

cumstantial evidence corroborating his allegation, e.g., the timing of the permit revocation and the chronology of events prior to the revocation. On February 2, 2000, the building department issued him a permit. Pursuant to the permit, Dougherty allegedly began making renovations and incurred substantial expense on his bungalow unit after consulting with and receiving approval from the Town's building inspector. Around that time, defendants filed a motion to dismiss Dougherty's complaint. Dougherty allegedly served opposition papers to that motion by mail on March 10, 2000, in which he stated, among other things, that he had been issued a permit and therefore was a prevailing party who had been granted relief on the merits of his claim and was entitled to attorneys fees. A few days later, according to Dougherty, defendants revoked the permit.

■ The ultimate question of retaliation involves a defendant's motive and intent, both difficult to plead with specificity in a complaint. *Gagliardi*, 18 F.3d at 195; see *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir.1987) (per curiam); *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979). It is sufficient to allege facts from which a retaliatory intent on the part of the defendants reasonably may be inferred. *Gagliardi*, 18 F.3d at 195; see *Murphy*, 833 F.2d at 108. Rule 9(b) of the Federal Rules of Civil Procedure provides that "[m]alice, intent, knowledge and other conditions of mind . . . may be averred generally." E.g., *Gagliardi*, 18 F.3d at 195.

We are aware that defendants vigorously dispute Dougherty's chronology of events, claiming that the Board revoked the permit because it was issued "in er-

---

6. As already noted, the district court did not specifically address this issue in its opinion, since its decision turned solely on the ripeness issue.

ror", and at that time they were not even aware of Dougherty's opposition papers. We note that Dougherty does not rely only on the alleged close timing and relationship between his service of opposition papers and the Board's revocation of his permit. He also alleges that the entire chronology of events spanning a period of over five years displays a general pattern of egregious treatment by the Board. We believe these are issues of fact that cannot properly be determined on a motion to dismiss.

We therefore conclude that Dougherty's proposed amended complaint adequately sets forth specific facts, which if proven, can support a finding of retaliatory motive. Therefore, Dougherty has stated a legally cognizable First Amendment claim under § 1983, and the district court erred in denying his motion to amend the complaint as futile.

## III. Conclusion

For the reasons stated above, we affirm the district court's dismissal of Dougherty's initial complaint due to lack of ripeness under *Williamson*. We reverse the district court's denial of Dougherty's motion for leave to amend the complaint to include a First Amendment claim of retali-

ation.[7] We remand to the district court for proceedings not inconsistent with this opinion.[8]

7. The proposed amended complaint also alleged additional equal protection and due process claims based upon the additional factual allegations discussed above in Part 2. Equal protection and due process claims are subject to the *Williamson* ripeness test, as discussed in Part 1, and these proposed additional claims are not ripe due to Dougherty's failure to apply for a variance and receive a "final decision" from the Board. Therefore, Dougherty can proceed in the district court only on his First Amendment claim.

8. We note that defendants, in a motion for stay of proceedings, have brought to our attention the request of the Commonwealth Court of Pennsylvania, in an order dated October 3, 2000, for federal court comity regarding its 90–day stay of all Pennsylvania-court

proceedings in which Reliance Insurance company, which is subject to that court's Order of Liquidation, is obligated to defend a party. Defendants' attorneys have represented that Reliance has retained them to defend the defendants in this litigation. The motion came when the issues on appeal had been fully briefed, oral argument was only days away, and the impact on Reliance's assets occasioned by our going ahead with oral argument appeared to be de minimis. In addition, the 90–day period requested by the Pennsylvania court has since expired. Under the circumstances, we decline to grant defendants' motion. Upon remand, any request for a further stay should be brought to the attention of the district court.