Rodney R. HAYMES, Petitioner-Appellant,

v.

Ernest L. MONTANYE, Superintendent, Attica Correctional Facility and Smith, Deputy Superintendent, Attica Correctional Facility, Respondent-Appellees.

No. 20, Docket 74–1208.

United States Court of Appeals, Second Circuit.

Submitted Sept. 23, 1976.

Decided Dec. 28, 1976.

---

**6.** See note 3, *supra.*

Alvin J. Bronstein, Washington, D. C. (National Prison Project of the American Civil Liberties Union Foundation, Inc., Washington, D. C., and Herman Schwartz, SUNY Buffalo Law School, Amherst, N. Y.), for appellant.

Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., and Margery Evans Reifler, Asst. Atty. Gen., New York City, for appellees.

Before KAUFMAN, Chief Judge, SMITH and TIMBERS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

This case is here on remand from the Supreme Court, *Montanye, Correctional Superintendent v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). This court had held that the transfer of Haymes from New York's Attica Correctional Facility ("Attica") to New York's Clinton Correctional Facility ("Clinton") without a hearing violated the fourteenth amendment, and we had therefore reversed the dismissal of Haymes' complaint, pursuant to defendants' motion, by the United States District Court for the Western District of New York, John T. Curtin, *Chief Judge.* 505 F.2d 977 (1974). The Supreme Court reversed and held that the fourteenth amendment does not require an institutional hearing in connection with Haymes' transfer.

We now deal with those issues which it was not necessary to reach in our previous decision. We hold that there are genuine issues of material fact as to whether Haymes' transfer violated either his first amendment rights or his federally protected right to help prisoners prepare habeas corpus petitions. We therefore reverse the district court's dismissal of the complaint and remand for a hearing on the circumstances of the transfer.

I

As the facts are more fully set out in our previous opinion, we summarize them here. On the morning of June 7, 1972 Haymes was discharged as prison librarian at Attica. In the afternoon of June 7 prison authorities took from Haymes a document protesting Haymes' discharge which he had been circulating among the other inmates. It was addressed to Judge Curtin and at the time of its confiscation had 83 signatures. On June 9, 1972 Haymes was transferred to Clinton.

On August 3, 1972 Haymes filed a *pro se* complaint which Judge Curtin correctly

characterized as invoking 42 U.S.C. § 1983 and 28 U.S.C. § 1343. In response to Judge Curtin's show cause order, the defendants filed three affidavits. Haymes then filed an affidavit and amended his complaint. On June 4, 1973 Judge Curtin granted the defendants' motion and dismissed the complaint.

## II

In his complaint, after reciting in some detail the events outlined above, Haymes alleged that "all of the above actions already set forth . . . was [sic] the direct result of administrational [sic] reprisals against your petitioner for assisting those inmates contained in Civ. 1972–230 and Civ. 1972–249; for assisting Attica inmate Louis Martinize # 23379 in submitting his application to this court in May, 1972; and from petitioner himself along with those other inmates similarly aggreived [sic], attempting to petition this court for the redress of greivances [sic]."

The affidavit of Edward Brady, Correction Officer at Attica, says Haymes was "relieved of his assignment as law clerk because of his continual disregard for the rules governing inmates and the use of the law library." The affidavit of Harold Smith, Deputy Superintendent at Attica, says "[t]he attached petition . . . was confiscated from inmate Rodney R. Haymes because of the rules and regulations in effect. . . . His circulating the attached petition was in direct disregard of the above rule forbidding legal assistance except with the approval of the Superintendent." The affidavit of Douglas S. Cream, Assistant Attorney General of the State of New York, says the affidavits of Brady and Smith "adequately and fairly answer the claims herein made by the petitioner." We note that none of these affidavits explicitly states why Haymes was transferred to Clinton.

In his affidavit Haymes denied in great detail the statements made in the affidavits by Brady and Smith. Interpreting Haymes' *pro se* complaint and affidavit liberally, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1971) (per curiam), and *Morgan v. Montanye,* 516 F.2d 1367, 1370 (2d Cir. 1975), *cert. denied,* 424 U.S. 973, 96 S.Ct. 1476, 47 L.Ed.2d 743 (1976), we conclude that there is a genuine issue of material fact as to the reasons for Haymes' transfer. Haymes claims that his transfer was in reprisal for exercising his first amendment rights and his right to help prisoners prepare habeas corpus petitions. "On this claim, the reason for the defendants' action is critical." *Montanye v. Haymes, supra,* dissenting opinion, 427 U.S. at 244, 96 S.Ct. at 2548. We hold that it was error for the district court to dismiss the complaint without giving all parties the opportunity to present evidence on the reasons for Haymes' transfer. *Heyman v. Commerce and Industry Insurance Co.,* 524 F.2d 1317 (2d Cir. 1975), and *Judge v. City of Buffalo,* 524 F.2d 1321 (2d Cir. 1975).

## III

On appeal the defendants now argue that Haymes has no standing to assert either a first amendment claim or a claim to help prisoners prepare habeas corpus petitions. Defendants further argue that, even if Haymes has standing, none of his rights was violated by the transfer.

 The defendants argue that the confiscated document is a form of legal assistance to inmates—and so subject to Prison Rule 21 [1]—rather than a letter to a public official—and so subject to Administrative Bulletin # 20, ¶ 9.[2] As we said in our previous decision, prisoners cannot classify a document as a letter rather than as legal assistance merely by failing to request

---

**1.** Rule 21 of the Inmate's Rule Book says:

Inmates are prohibited, except upon approval of the Warden, to assist other inmates in the preparation of legal papers.

**2.** Administrative Bulletin # 20, ¶ 9 says:

Special correspondence to public officials: You may write to the President of the United States, Members of Congress . . . and to any Judge. . . . The letter will not be read or censored.

relief and by changing the salutation. 505 F.2d 982. On the other hand, in *Sostre v. McGinnis*, 442 F.2d 178, 200 (2d Cir. 1971) (*en banc*), *cert. denied sub nom. Sostre v. Oswald*, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972), 405 U.S. 978, 92 S.Ct. 1190, 31 L.Ed.2d 254 (1972), we said "[t]he generous scope of discretion accorded prison authorities also heightens the importance of permitting free and uninhibited access by prisoners to both administrative and judicial forums for the purpose of seeking redress of grievances against state officers." We consider the confiscated document[3] to be a petition for redress of grievances and hence protected by the first amendment, as applied to the states by the fourteenth amendment. *Procunier v. Martinez*, 416 U.S. 396, 406, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974); *Goodwin v. Oswald*, 462 F.2d 1237, 1241 (2d Cir. 1972).

■ In our previous opinion we said that Judge Curtin's disposition of the case "perforce was summary judgment. F.R.Civ.P. 56." 505 F.2d 979. We must therefore view the evidence in the light most favorable to Haymes. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). While Haymes had not signed the petition, a person circulating a petition concerning his own activities frequently does not sign it. It is undisputed that prison officials took the petition from Haymes. Brady's affidavit says one of the inmates who signed the petition had sought legal assistance from Haymes. On these facts Haymes has standing to raise a first amendment challenge to his transfer. Cf. *Freedman v. Maryland*, 380 U.S. 51, 56, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965).

## IV

■ The defendants also claim that Haymes has no standing to vindicate the federally protected right of prisoners to petition courts for a writ of habeas corpus. In *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), as a prisoner who was transferred to a maximum security building for providing legal assistance to other prisoners in violation of a prison regulation, Johnson had standing to challenge the validity of the regulation. Assuming *arguendo* that Haymes was transferred for violating Rule 21, he has standing to challenge its constitutional validity either on its face or as applied to him. *Sostre v. McGinnis, supra*, 442 F.2d 201–202.

## V

In our previous decision we indicated some of the factors which should be assessed by the district court in determining whether Haymes' transfer to Clinton "in fact had consequences sufficiently adverse to be properly characterized as punitive." 505 F.2d 981. Such an assessment will help in deciding whether the defendants have denied "a benefit to a person on a basis that infringes his constitutionally protected interests." *Perry v. Sindermann*, 408 U.S. 593, 597, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). The hearing will also provide an opportunity for the defendants to present

---

3. The text of the confiscated document is:

Hon. Judge John T. Curtin:

I am writing to complain that I am now being deprived of legal assistance as a result of inmate Rodney R. Haymes and John Washington being removed from the prison law library.

Since the removal of the above two from the law library, I cannot any longer obtain any legal assistance either in the nature of obtaining the proper applicable case law corresponding with the particular issue contained in my case, as well as assistance in preparing my post-conviction application to the courts.

The major problem and reason for my not being able to obtain legal assistance is a direct result of the attitude displayed by the law library officer whom goes out of his way to circumvent inmates legal assistance.

I feel that this was obviously the same reason why this officer has had Rodney Haymes and John Washington removed from the law library whereby they no longer have proper access to either the law books or myself and the other inmates whom they are legally assisting.

Wherefore, I feel that my constitutional rights to adequate access to the courts for judicial review and redress is being violated as a direct result of the circumstances and conditions herein set forth.

**192**

evidence on how Haymes' transfer is related to "the legitimate policies and goals of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). With a more complete record the district court will then be better able to make the difficult judgment involved "in a case such as this where 'we [are] called upon to balance First Amendment rights against [legitimate] governmental . . . interests.'" *Id.* at 824, 94 S.Ct. at 2805. We therefore reverse and remand for a hearing on the reasons for Haymes' transfer and on the consequences of the transfer.

Reversed and remanded.