886 F.2d 331
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William F. WYNN, Plaintiff-Appellant,
v.
Charles JONES; Stephen H. Norris; Jeff Reynolds; Howard
G. Cook; Herman C. Davis; David Whalen; Russell Powers;
Charles Butturini; L.H. Sweat, Capt.; James A. Bowlen,
Warden; Kay Winkler; Dan Hisle; David Newberry,
Defendants-Appellees.
 No. 89-5412.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1989.
 
 Before MERRITT and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Wynn moves for an injunction pending his appeal from the district court's order denying a motion for a preliminary injunction in his prisoner's civil rights case. 42 U.S.C. Sec. 1983 (1982). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Wynn is a prisoner in the Tennessee prison system. The defendants are various officials of that system. In his complaint, Wynn alleged that he was transferred from a work camp to the Morgan County Regional Correctional Facility in retaliation for his legal aid provided to other inmates. Wynn alleged that this transfer occurred even though the defendants knew or should have known that an inmate hostile to Wynn resided at the Morgan County prison. As a result, Wynn was placed in administrative segregation.
 
 
 3
 In the district court, Wynn moved for a preliminary injunction that would order his return to the work camp. The district court denied the motion on the grounds that Wynn had not met the necessary requirements for such an injunction.
 
 
 4
 The standard of review of the district court's denial of a motion for a preliminary injunction is abuse of discretion. In re DeLorean Motor Co., 755 F.2d 1223, 1228 (6th Cir.1985). The four elements to be considered are: 1) the likelihood of the plaintiff's success on the merits; 2) whether the injunction will save the plaintiff from irreparable injury; 3) whether the injunction would work harm to others; 4) whether the public interest would be served by the injunction. 755 F.2d at 1228.
 
 
 5
 The deciding issue in this case is the likelihood of success on the merits. Wynn's allegations that his first amendment rights were violated do state a claim. Haymes v. Montanye, 547 F.2d 188, 190 (2d Cir.1976), cert. denied, 431 U.S. 967 (1977); see also Bridges v. Russell, 757 F.2d 1155, 1156 (11th Cir.1985) (and cases cited there). In contrast to the facts in Haymes, however, here the defendants alleged that they transferred Wynn because he suffers from seizures and the regional correctional facility provides better medical care than the work camp. These allegations provide the basis for a valid qualified immunity defense. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Therefore, the district court correctly held that Wynn had not shown a likelihood of success on the merits, and the court properly denied the motion for a preliminary injunction.
 
 
 6
 The motion for an injunction pending appeal is denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.