929 F.2d 703
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dan LASHMETT, Plaintiff-Appellant,
v.
Jon HECKEL, Warden, Vandalia Correctional Center, et al.,
Defendants-Appellees.
 No. 88-1501.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 25, 1991.
Decided April 8, 1991.
 
 Appeal from the United States District Court for the Southern District of Illinois, East St. Louis Division, No. Civ. 84-3262, Gerald B. Cohn, Magistrate Judge.
 S.D.Ill.
 AFFIRMED.
 Before CUDAHY, COFFEY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Dan Lashmett filed this suit under 42 U.S.C. Sec. 1983 to challenge his transfer to a more secure (and less comfortable) prison. The parties consented to the entry of final judgment by a magistrate judge under 28 U.S.C. Sec. 636(c). The magistrate judge granted summary judgment for the defendants, observing that inmates lack property interests in their places of confinement.
 
 
 2
 So they do, Meachum v. Fano, 427 U.S. 215 (1976), but prisoners retain interests protected by the first amendment. Prisons may not transfer inmates in retaliation for protected speech. Cain v. Lane, 857 F.2d 1139 (7th Cir.1988); Haymes v. Montanye, 547 F.2d 188 (2d Cir.1976). Lashmett contends that his jailers moved him to get even for his role in calling for medical care for another inmate. The judge mentioned that Lashmett had made such a claim but then let the matter drop. Lashmett contends that the case should be remanded, as in Cain, with instructions to resolve the subject. (Lashmett has abandoned all of his other claims.)
 
 
 3
 We do not make pointless gestures, and remand here would be pointless. Defendants moved for summary judgment, attaching affidavits to the effect that they transferred Lashmett because they received reports that he was planning to escape. This took place two weeks after the medical care incident. Lashmett responded with an affidavit, dated April 13, 1987, denying the contentions in the defendants' affidavits, as if he were answering a complaint. This was not enough to stave off summary judgment, and the judge granted the request of Lashmett's lawyer for more time to respond to the motion.
 
 
 4
 In August 1987 Lashmett filed a second affidavit, drafted for him by his counsel. This affidavit states, among other things:
 
 
 5
 2. Plaintiff has never had the means or mode to escape from prison. Furthermore, plaintiff never discussed a possible escape with any inmates.
 
 
 6
 3. Plaintiff did express his desire to see his family by way of visits to the institution where he was serving his sentence.
 
 
 7
 4. The only comments that plaintiff made to inmates or prison personnel about seeing family members were in regards to his family coming to visit him in prison.
 
 
 8
 5. Any and all times plaintiff was approached by prison personnel about being involved in a possible prison escape, he denied such allegations.
 
 
 9
 Do these assertions, the entirety of Lashmett's factual response to the defendants' contentions about their motive, create a material question of fact requiring a trial? We think not.
 
 
 10
 Whether Lashmett was planning an escape is not the question. Instead the question was the defendants' motive for the transfer. Was it retaliation for speech, as Lashmett said, or fear of escape, as the defendants said? In the argot of civil rights litigation, Lashmett made a prima facie case by pointing to the medical care incident, and the defendants identified a legitimate reason for their conduct. Lashmett then had to show that this reason was pretextual. He did not.
 
 
 11
 Lashmett's affidavit creates an issue of fact about the existence of escape plans. This is not, however, a material dispute. Whether or not Lashmett was planning to escape or could have succeeded had he tried, the guards were entitled to act on information they received. Lashmett had to show that the defendants did not receive the reports they mentioned, or that they did not believe them. His August 1987 affidavit did not address either of these subjects. Quite the contrary, the affidavit assumes that other inmates might have thought that he was planning to escape; Lashmett implies that they were confused (he was planning to meet his family on prison grounds rather than at home). Error in evaluating Lashmett's plans or interpreting the reports of other inmates is not the same as discrimination on account of speech. Cf. Pollard v. Rea Magnet Wire Corp., 824 F.2d 557 (7th Cir.1987).
 
 
 12
 We recognize that it is hard to join issue with affidavits such as those the defendants filed. But Lashmett made no effort to do so. He did not take the deposition of any of the guards who said they received reports about escape plans; he did not ask for an opportunity to take discovery from the inmates who made these reports to the guards. Lashmett also did not file an affidavit under Fed.R.Civ.P. 56(f) explaining why he could not present facts in response to the motion. He was content to submit the case for decision on a record containing, on his behalf, only his own affidavits.
 
 
 13
 Lashmett was not proceeding pro se. His lawyer sought neither more time nor more discovery. We appointed a new lawyer to assist Lashmett on appeal. He, too, makes no claim that Lashmett needed more time for discovery or that discovery would be productive. When two lawyers, in two courts, are content with the record, it is inappropriate for the court of appeals to remand for additional discovery. Nothing in the record casts any doubt on the defendants' sworn assertion that they received (and believed) reports that Lashmett was planning to escape. That defeats his claim that the transfer occurred in retaliation for his speech.
 
 
 14
 AFFIRMED.
 
 
 15
 CUDAHY, Circuit Judge, dissenting.
 
 
 16
 I would remand to the district court for further proceedings, given what I consider its better vantage point on questions of discovery which the majority would apparently resolve itself. The defendants did not argue inadequacies in the plaintiff's affidavit on appeal, and lacking adequate briefing on the course of discovery, we should refrain from reaching the issue sua sponte. Shlay v. Montgomery, 802 F.2d 918, 924 n. 3 (7th Cir.1986).
 
 
 17
 Even were I satisfied that the plaintiff and his counsel submitted all the evidence they could uncover regarding the prison's motive for transferring, I would remand. By insisting that the plaintiff adduce proof that the defendants were not motivated in any respect to transfer the plaintiff by his alleged plan to escape, the majority calls on the plaintiff to show "pretext." But the plaintiff's burden in this case is not to prove that the alleged illegal motivation was the sole factor in bringing on his transfer, or even that it was the primary one. Rakovich v. Wade, 850 F.2d 1180, 1190 (7th Cir.) (en banc), cert. denied, 488 U.S. 968 (1988). He must prove only that the unconstitutional purpose was a substantial reason for the transfer, at which point the defendants have the burden to show they would have made the same decision without the retaliatory motivation. Id. at 1189. The trier of fact may decide which motivation was the cause in fact of the transfer. Summary judgment is still possible, but on these facts it is not available based on a simple failure to establish pretext.