Samuel L. BYRD, Jr., Plaintiff,

v.

William E. MOSELEY, Director, Take It From Me, Inc.; Take It From Me, Inc.; David D. Roach, Warden, Defendants.

Civil Action No. 96–01075 (CRR).

United States District Court, District of Columbia.

Sept. 16, 1996.

Order Supplementing Decision Sept. 17, 1996.

Samuel L. Byrd, Jr., Lorton, VA, pro se.

John F. McCabe, Assistant Corporation Counsel, Washington, DC, for Defendants.

## MEMORANDUM OPINION OF CHARLES R. RICHEY UNITED STATES DISTRICT JUDGE

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court in the above-entitled case are the defendants' Motions to Dismiss, or in the alternative, for Summary Judgment. Also before the Court are the plaintiff's Motion to Deny Defendants Representation By The Corporation Counsel's Correctional Litigation Section and the plaintiff's Motion for Leave to Seek Discovery. In this case, the plaintiff alleges that the defendants retaliated against him for filing a prior lawsuit by denying him participation in an inmate program called "Take It From Me, Inc." Upon careful consideration of the parties' pleadings, the entire record herein, the law applicable thereto, and for the reasons expressed below, the Court shall dismiss the cause against Take It From Me, Inc., and shall grant summary judgment in favor of defendants William E. Moseley and David D. Roach. The Court also shall deny the plaintiff's Motion to Deny Defendants Representation by the Corporation Counsel and his Motion for Leave to Seek Discovery.

### BACKGROUND

The plaintiff, serving a twenty year to life sentence for felony and first degree murder at the District of Columbia's maximum security facility in Lorton, Virginia, claims that on February 6, 1995, he applied for admittance into the "Take It From Me, Inc." inmate program. Take It From Me, Inc. is a private, not-for-profit corporation consisting of inmates at the Lorton Correction Complex who conduct tours of the prison and counsel youth on the repercussions of criminal behavior. The plaintiff alleges that his application was skipped over for membership vote at the direction of defendant Roach, the warden. According to the plaintiff's Complaint, defen-

dant Moseley, the Director of the program, informed the plaintiff that Mr. Roach had ordered the plaintiff's denial of admittance to the program in retaliation for the plaintiff's earlier decision to bring a lawsuit against another staff member.

In his declaration attached to his Response to the Court's Show Cause Order, defendant Roach asserts that the selection process for the program is as follows: an inmate submits an application which is reviewed by the Program Coordinator and inmates who are currently participating in the program; the active inmates select those inmates who are to participate in the program; and those selections must then be approved by the Program Coordinator. Mr. Roach claims that the active membership did not select the plaintiff to participate in the program, and that he played no role in the decision to deny the plaintiff membership, as the plaintiff's name was not submitted to him by the other inmates in the program for approval.

## DISCUSSION

### I. THE PLAINTIFF'S CAUSE IS A § 1983 ACTION BASED ON THE DEFENDANTS' ALLEGED VIOLATION OF THE PLAINTIFF'S FIRST AMENDMENT RIGHTS BY RETALIATING AGAINST HIM FOR FILING A PREVIOUS LAWSUIT AGAINST ANOTHER PRISON STAFF MEMBER

■ Because the plaintiff is before the Court *pro se*, the Court shall read the plaintiff's Complaint broadly. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The plaintiff's cause can be characterized most appropriately as a damages action pursuant to 42 U.S.C. § 1983 [1] based on the defendants' violation of the plaintiff's

First Amendment rights by retaliating against him for filing a previous lawsuit.[2] Several courts have held it to be unconstitutional for prison officials to impose or threaten to impose punishment based upon a prisoner's complaints to the courts. *See, e.g., Haymes v. Montanye*, 547 F.2d 188, 190 (2d Cir.), *on remand from* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976), *cert. denied*, 431 U.S. 967, 97 S.Ct. 2925, 53 L.Ed.2d 1063 (1977); *Burton v. Livingston*, 791 F.2d 97, 101 (8th Cir.1986).

■ As for other possible claims, it is well established that an inmate has no constitutional right to participate in a particular educational or vocational program. *Rhodes v. Chapman*, 452 U.S. 337, 348, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59 (1981); *Garza v. Miller*, 688 F.2d 480 (7th Cir.1982), *cert. denied*, 459 U.S. 1150, 103 S.Ct. 796, 74 L.Ed.2d 1000 (1983); *Hoptowit v. Ray*, 682 F.2d 1237 (9th Cir.1982). The plaintiff's allegations therefore fail to state a claim under either the Eighth or Fifth Amendments of the United States Constitution.

### II. THE PLAINTIFF'S CAUSE MUST BE DISMISSED WITH RESPECT TO DEFENDANT TAKE IT FROM ME, INC. BECAUSE THE PLAINTIFF FAILS TO ALLEGE THAT TAKE IT FROM ME, INC. WAS ACTING "UNDER COLOR OF STATE LAW."

■ Taken as § 1983 retaliation case, the plaintiff's cause with respect to defendant Take It From Me, Inc. must be dismissed. Under 42 U.S.C. § 1983, a plaintiff may seek redress when a person "acting under color of state law" deprives the prisoner of rights guaranteed by the Constitution or under federal law. 42 U.S.C.A. § 1983. Here, the plaintiff's Complaint makes no allegations

---

1. 42 U.S.C. § 1983 provides:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the

   purpose of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
   42 U.S.C.A. § 1983 (1994 & 1996 Supp.).

2. The plaintiff sues the defendants in their individual capacities. *See* Plaintiff's Motion To Deny Defendants Representation By The Corporation Counsel's Correctional Litigation Section at 1.

that Take It From Me, Inc., a private not-for-profit organization, whose members are private citizens, was acting "under color of state law." In fact, the defendant has stated unequivocally that Take It From Me, Inc. is a "private business entity," not entitled to representation by government counsel. *See* Plaintiff's Motion To Deny Defendants Representation By the Corporation Counsel's Correctional Litigation Section at 1. Nor would anything in the Complaint support a finding that the private organization's conduct is "fairly attributable" to the state. *See West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (stating that if the defendant's conduct satisfies the requirement of state action, it also satisfies "under of color of state law" requirements for § 1983 since it is conduct "fairly attributable" to the state) (citing *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 935, 102 S.Ct. 2744, 2752, 73 L.Ed.2d 482 (1982)). Accordingly, the plaintiff's cause as to the defendant Take It From Me, Inc. must be dismissed.

### III. THE COURT SHALL GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS WILLIAM E. MOSELEY AND DAVID D. ROACH BECAUSE BOTH DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

█ To state a claim for retaliation, the plaintiff must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam) (citing *Rizzo v. Dawson,* 778 F.2d 527, 530–31 (9th Cir.1985)); *see Thornburgh v. Abbott,* 490 U.S. 401, 412–14, 109 S.Ct. 1874, 1881–82, 104 L.Ed.2d 459 (1989) (holding that prison administration may infringe upon prisoners' First Amendment rights as long as the infringement is "reasonably related to legitimate penological interest"). The plaintiff must also show that the protected conduct—in this case, the filing of lawsuits—was a substantial factor, or motivating factor in the decision of the defendant to retaliate. *Mt.*

*Healthy School District v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977).

█ Government officials performing discretionary functions, however, "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1985); *Moore v. Valder,* 65 F.3d 189, 192–93 (D.C.Cir.1995) (citing *Butz v. Economou,* 438 U.S. 478, 504, 98 S.Ct. 2894, 2909–10, 57 L.Ed.2d 895 (1978)). These functions include those commonly performed by prison personnel. *See, e.g., Cleavinger v. Saxner,* 474 U.S. 193, 206–07, 106 S.Ct. 496, 503–04, 88 L.Ed.2d 507 (1985) (federal prison disciplinary committee members and warden entitled to qualified immunity in suit claiming that administrative detention for inciting work stoppage violated prisoner's constitutional rights); *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978) (state prison officials enjoyed qualified immunity in § 1983 actions); *Knox v. McGinnis,* 998 F.2d 1405, 1409–10 (7th Cir.1993) (correctional officers entitled to qualified immunity in suit claiming that use of a black box chaining the prisoner's hands and legs violated the prisoner's constitutional rights).

█ While the qualified immunity analysis established by the United States Supreme Court in *Harlow* ordinarily involves an objective standard, the United States Court of Appeals for the District of Columbia Circuit has understood *Harlow* "to allow inquiry into subjective motivation where an otherwise constitutional act becomes unconstitutional only when performed with some sort of forbidden motive." *Crawford–El v. Britton,* 93 F.3d 813, 817 (D.C.Cir.1996) (Williams, J.). Such an inquiry is necessary in this case because the motivation of the defendants' alleged actions is what renders them unconstitutional.

█ In *Crawford–El v. Britton,* the Court of Appeals for this circuit recently held that a "§ 1983 or *Bivens* plaintiff who seeks damages from a government official for a

constitutional tort must prove the defendant's unconstitutional motive (where that is an element of the tort) by clear and convincing evidence" to withstand a motion for summary judgment on the grounds of qualified immunity. Id. at 1 (Ginsburg, J., concurring) (summarizing the holding of the Court).[3] Thus, the Court must review the plaintiff's pleadings to determine whether he has shown, by clear and convincing evidence, that Messrs. Moseley and Roach possessed the requisite unconstitutional motive—namely, a desire to retaliate against the plaintiff for exercising his First Amendment rights.

### A. William E. Moseley

■ The plaintiff fails to allege that William E. Moseley, an employee of the District of Columbia Department of Corrections, engaged in conduct motivated by a desire to retaliate against the plaintiff for filing an earlier lawsuit. Rather, he alleges that defendant Moseley simply was carrying out the orders of defendant Roach. In fact, Mr. Roach is the only defendant to whom the plaintiff attributes a retaliatory motive. Thus, the plaintiff fails to show, by clear and convincing or otherwise, that defendant Moseley possessed the requisite unconstitutional motive for a § 1983 retaliation claim. The Court therefore shall grant summary judgment in favor of defendant Moseley.

### B. David D. Roach

Consistent with the liberal treatment generally afforded *pro se* litigants, the Court has provided notice to the plaintiff in its May 17, 1996 Show Cause Order that any factual assertions contained in the affidavits and other attachments in support of a Motion for Summary Judgment will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting such assertions. *See Neal v. Kelly,* 963 F.2d 453, 456 (D.C.Cir.1992); Local Rule 108; Fed.R.Civ.P. 56(e). Notwith-

standing the Court's notice as to the summary judgment rule, and the Court's August 22, 1996 Order granting the plaintiff an extension of time within which to file a response to the defendants' pleadings, the plaintiff has failed to file any declarations, affidavits, or documentary evidence to controvert the facts as propounded by the defendants. Accordingly, the Court will accept as true the facts set forth in the declaration of David D. Roach and other attachments in support of his Motion for Summary Judgment.

■ In his July 31, 1996 declaration, defendant Roach states that the membership of Take It From Me, Inc. initially selects the inmates who participate in their program, and that he merely approves or disapproves of the candidates submitted to him by the membership. He further asserts that the organization's membership never submitted the plaintiff's name for approval, and, thus, he never had the opportunity to consider the plaintiff's participation in the program. Because the plaintiff did not controvert these assertions, the Court shall take them as true. Doing so, the Court finds that the plaintiff has not shown, by clear or convincing evidence or otherwise, that defendant Roach prevented him from participating in the Take It From Me, Inc. program in retaliation for his earlier lawsuit.

Although the plaintiff makes conclusory allegations that defendant Roach may have pre-emptively acted to keep his application from being voted upon by the membership, he makes no allegations that such action on the part of defendant Roach could bind the organization's membership. The plaintiff's allegations, without more, do not constitute clear and convincing evidence that defendant Roach possessed the requisite unconstitutional motive, in light of Mr. Roach's uncontroverted declaration that he played no role in the process. Accordingly, the Court shall

3. By its decision in *Crawford–El v. Britton,* the Court of Appeals departs from "direct evidence" requirement set forth in *Martin v. D.C. Metropolitan Police Dept.,* 812 F.2d 1425, 1435 (D.C.Cir. 1987) (Ginsburg, J.), *overruled by Crawford–El v. Britton,* 93 F.3d 813 (D.C.Cir.1996). "To get to trial, [the Court in *Martin*] said, a plaintiff must produce 'something more than inferential or circumstantial support for his allegation of unconstitutional motive. That is, some direct evidence [of improper motivation] must be produced.'" *Crawford–El,* 93 F.3d at 817 (Williams, J.) (quoting *Martin,* 812 F.2d at 1435).

grant summary judgment in favor of defendant Roach.

## IV. THE COURT SHALL DENY THE PLAINTIFF'S MOTION TO DENY THE DEFENDANTS REPRESENTATION BY THE CORPORATION COUNSEL AND HIS MOTION FOR LEAVE TO SEEK DISCOVERY.

█ In his Motion to Deny the Defendants Representation by the Corporation Counsel, the plaintiff argues that, by virtue of their status as private citizens, the defendants are not entitled to representation by the District of Columbia's Office of Corporation Counsel. The Court finds this argument without merit and, accordingly, shall deny the Motion.

█ The Court also shall deny the plaintiff's Motion for Leave to Seek Discovery. Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to summary judgment before the commencement of discovery. *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815–16, 86 L.Ed.2d 411 (1985). Unable to overcome the defendants' defense of qualified immunity, the plaintiff is not entitled to discovery.

### CONCLUSION

For the foregoing reasons, the Court shall dismiss the above-entitled action with respect to defendant Take It From Me, Inc., shall grant summary judgment in favor of defendants William E. Moseley and David D. Roach, and shall deny any and all outstanding motions. The Court shall issue an Order of even date herewith, consistent with the foregoing Memorandum Opinion.

### *SUPPLEMENTAL ORDER*

The Court is in receipt of a letter—a copy of which is attached hereto—written by the plaintiff, dated September 11, 1996, requesting an extension of time within which to file an opposition to the defendants' Motions for Summary Judgment on the ground that he was placed in the segregation unit from September 7th through the 11th of this year.

The Court received the letter on September 16, 1996. The plaintiff's letter does not comply with the Local Rules and the Court must grant leave before the plaintiff will be allowed to file the letter with this Court.

On May 17, 1996 the Court advised the plaintiff by Order that he would have until 4:00 p.m. on June 21, 1996 in which to file any and all oppositions to any dispositive motions filed by the defendants. The Court further ordered that any affidavit or declaration filed by the defendants in support of their dispositive motions would be taken as true unless the plaintiff submitted his own affidavits or other documentary evidence contradicting the same. In addition, the Court ordered that summary judgment in favor of the defendants may be granted on the basis of any such uncontroverted allegations.

Notwithstanding the foregoing, the plaintiff was allowed leave to amend its complaint, and the time within which to file oppositions to the defendants' dispositive motions was extended, at the request of the plaintiff, to and until September 1, 1996. This occurred long before the defendant was placed in the segregation unit.

█ Failing to receive any opposition from the plaintiff within the prescribed period of time, the Court issued a judgment in this case and dismissed it from its docket on September 16, 1996, before the plaintiff's letter reached Chambers of the undersigned Judge. For all of the above reasons, the Court will not grant the plaintiff leave to file the letter requesting an extension of time within which to file his opposition to the defendants' dispositive motions in light of the fact that the plaintiff has been given every opportunity to comply with the Court's deadlines, which are more than reasonable. Accordingly, it is, by the Court, this 16th day of September, 1996,

ORDERED that the Court shall, and hereby does, DENY the plaintiff leave to file its request for an extension of time within which to file any and all oppositions to the defendants' dispositive motions; and, it is

FURTHER ORDERED that the plaintiff shall be, and hereby is, advised by the Court

that it may file a Motion to Reconsider the Court's Judgment in the above-entitled case, filed on September 16, 1996, WITHIN TWENTY (20) DAYS from this date in accordance with Local Rules and Rule 59(e) of the Federal Rules of Civil Procedure.