Donahue A. MILLER, Jr., Plaintiff,

v.

Thomas LOUGHREN, Sheriff, Chenan-
go County; L.T. Cutting, Chenango
County Sheriff's Department: Sgt.
Robertson, Chenango County Sheriff's
Department, Defendants,

No. 9:99–CV–2068.

United States District Court,
N.D. New York.

April 23, 2003.

Donahue A. Miller, McDonough, NY, Pro se.

Melvin & Melvin, LLP, Syracuse, NY (Michael R. Vaccaro, Esq., of Counsel), for Defendants.

## ORDER

MUNSON, Senior District Judge.

Two Magistrate Judges' rulings in this case are currently before the court. The clerk has sent the court the entire file of these cases. The first is plaintiff's appeal from an order of then Magistrate Judge Ralph W. Smith, Jr., dated March 28, 2001. The order denied plaintiff's motion for compulsory pre-trial discovery, and leave to file a supplemental complaint. Plaintiff appealed this decision to the District Court and it was pending before Judge Kahn when the case was reassigned to the undersigned by order filed March 28, 2001.

Under Title 28 U.S.C. § 636(b)(1)(A), a judge may designate a magistrate judge to hear and determine pretrial discovery issues pending before the court. See also Fed.R.Civ.Proc. 72 and Local Rules N.D.N.Y. 72.1. In interpreting § 636(b)(1)(a), courts in this Circuit have held that in resolving discovery disputes, the Magistrate Judge is afforded the broadest discretion which will be overruled only if it is found to be clearly erroneous or contrary to law. *Maresco v. Evans Chemetics*, 1989 WL 201601 (S.D.N.Y. August 30, 1989).

This court finds that plaintiff's objections to Magistrate Judge Smith's order to be without merit, and agrees with the conclusions reached by the Magistrate Judge. Plaintiff has made no showing that these rulings were clearly erroneous or contrary to the law nor an abuse of discretion on the part of the Magistrate Judge. Plaintiff's appeal from the order is thus denied.

### SO ORDERED

The second document to be considered is Magistrate Judge Randolph F. Treece's Report–Recommendation filed January 21, 2003. Following ten days from the service thereof, the Clerk has sent me the entire file including any and all papers filed by

**62**

the parties herein. No objections to the Report–Recommendation's findings have been filed.

This action is a *pro se* civil rights suit under 42 U.S.C. § 1983, alleging that defendants provided inadequate law library facilities, did not allow him unlimited use of a typewriter, violated his right to privacy, and retaliated against him for filing grievances. Plaintiff moved for summary judgment, and defendants cross moved for same. The Magistrate Judge recommended denying plaintiff's motion and granting defendants' cross motion as to all of plaintiff's except the one alleging that his housing assignment was changed in retaliation for his filing a grievance.

Plaintiff asserts that defendants retaliated against him for filing a grievance against office Biviano regarding the delivery of laundry. Plaintiff based his constitutional claim on the principle that retaliation "against a prisoner for pursuing a grievance violates the right to petition the government for the redress of grievances." *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir.1996). According to plaintiff, Officer Biviano was angered by his filing of the administrative complaint, and retaliated by reassigning him from a dormitory to a cell block.

■ Retaliatory transfer of a prisoner's housing has long been prohibited in this Circuit. A prisoner has a constitutional right to file a grievance, and retaliatory transfer of a prisoner's housing assignment for doing so, has long been prohibited in this Circuit. *Haymes v. Montanye*, 547 F.2d 188, 191 (2d Cir.1976), *cert. denied*, 431 U.S. 967, 97 S.Ct. 2925, 53 L.Ed.2d 1063, 53 L.Ed.2d 1063 (1977).

■ A defendant is entitled to summary judgment on a retaliation claim "if the undisputed facts demonstrate that the challenged action clearly would have been taken on a valid basis alone." *Davidson v. Chestnut*, 193 F.3d 144, 149 (2d Cir.1999).

"A finding of sufficient permissible reasons to justify state action is readily drawn in the context of prison administration," for two reasons. *Graham*, 89 F.3d at 79. First, "[r]talitation claims by prisoners are prone to abuse since prisoners can claim retaliation for every decision they dislike." *Id.* Second, "we have been cautioned to recognize that prison officials have broad administrative authority." *Id.*

The record contains a copy of a letter plaintiff wrote to Officer Biviano after he had filed his complaint. In this letter dated October 21, 1999, plaintiff admitted that his conduct had been untoward prior to being transferred and the transfer was justified. The letter states, "I now realize that there was amble rhyme and/or reason for your actions ... if my complaint was filed, please let me know how I can go about withdrawing it." Plaintiff did not repudiate this letter or its contents in his reply affidavit to defendant's cross motion for summary judgment. Under these circumstances, the court disagrees with the Report–Recommendation's finding that there is a genuine issue of material fact as to whether retaliation for the grievance filing was a substantial factor in defendants' decision to transfer plaintiff to a cell block. Plaintiff acknowledges that his misconduct was sufficient to justify his housing re-assignment. Defendants' action here was appropriate, and

Accordingly, it is **ORDERED** that

1. The Report–Recommendation is hereby approved except for its denial of defendants' cross motion on the issue of plaintiff's housing transfer in retaliation for filing a grievance.

2. Defendants' cross motion for summary judgment is **GRANTED**, and the complaint is dismissed in its entirety.